ALICE VINER, Appellant, *v.* THOMAS L. JAMES and Others, Respondents.

*Action against directors of a corporation to recover damages for alleged false representations — motion to make the complaint more definite and certain by alleging which of the defendants were directors at the respective times when the representations were made — bill of particulars.*

The complaint in an action brought against the directors of a corporation alleged that by reason of certain statements contained in an address of the defendant James, one of the directors, and by reason of statements made in addresses of other of the directors at various times and in annual reports of the corporation, certain representations were made which were false, and that the plaintiff acting upon them bought shares of stock in the corporation; and after having bought those shares, refrained from selling them in consequence of false, fraudulent and untrue statements, upon which she relied. Relief was asked against all of the defendants.

It was not alleged that at all the times therein mentioned all the defendants were directors or were connected with or could be made responsible for false representations, if such representations were made.

*Held,* that the plaintiff should be required to make her complaint more definite and certain by specifically alleging which of the defendants were directors at the respective times the alleged false reports or statements upon which the plaintiff relied were put forth and the times at which the plaintiff purchased her stock;

That the defendants were not limited to a demand for a bill of particulars.

APPEAL by the plaintiff, Alice Viner, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of March, 1903, granting the defendants' motion to make the plaintiff's complaint more definite and certain, and directing the service of an amended complaint.

*G. L. F. Rohan,* for the appellant.

*Charles A. Deshon,* for the respondents.

PATTERSON, J.:

This is an appeal from an order granting a motion made by the defendants to require the plaintiff to make her complaint definite and certain. The court below held, and properly, that the remedy

invoked by this motion was the correct one and that the defendants were not limited to a demand for a bill of particulars. (*People ex rel. Crane* v. *Ryder*, 12 N. Y. 433.)

The object of the present motion was to have the complaint, as the court below said, put in such shape that the defendants, all or either of them, might plead to it in such a way as might be advised for the protection of their respective rights. The action is against a number of defendants who were directors or trustees of the Anglo-American Savings and Loan Association, a corporation organized under the laws of the State of New York. It is claimed that by reason of certain statements contained in an address of the defendant James, one of the directors, and by reason of statements made in addresses of other of the directors at various times and in annual reports of the corporation, certain representations were made which were false and that the plaintiff acting upon them bought shares of the corporation named; and after having bought those shares, refrained from selling them in consequence of false, fraudulent and untrue statements, upon which she relied. The complaint is framed in such a way as to ask relief against all of the defendants.

The indefiniteness of the complaint in respect to very substantial allegations affecting the liability of the defendants is apparent. It is not shown that at all the times therein mentioned all the defendants were directors or were connected with or could be made responsible for false representations, if such representations were made. It is true, the complaint says that at the times mentioned the defendants were directors, but it is obvious from reading the pleading that it cannot be assumed that each and every one of the defendants was a director of the corporation at each and every time referred to in the complaint. We think, therefore, the court below was right in ruling that there should be a specific allegation as to which of the defendants were directors at the respective times the alleged false reports or statements upon which the plaintiff relied were put forth; and so with relation to the times at which the plaintiff purchased her stock. It may be that such purchase was made before any of the statements or representations were put forth, which the plaintiff claims to be false; and further than that, as each defendant is sought to be made liable for his own fraudulent statement or representation, he should be connected by positive allegation with the repre-

sentations, responsibility for which is sought to be charged upon him.

We think the order should be affirmed, with ten dollars costs and disbursements.

Van Brunt, P. J., O'Brien, McLaughlin and Laughlin, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.